IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Chris B. Teasley, ) | Civil Action No. 6:11-cv-01276-JMC-JDA |
| ) | |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Southwark Metal Mfg. Co. Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on Defendant's motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  [Docs. 10, 15.]  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., this magistrate judge is authorized to review all pretrial matters in employment discrimination cases, including cases arising under 29 U.S.C. § 2601 et seq., and submit findings and recommendations to the District Court.

Plaintiff filed this action on May 26, 2011, alleging Defendant's termination of Plaintiff constituted interference with his rights under the Family and Medical Leave Act ("FMLA") and retaliation against him for exercising his FMLA rights.  [Doc. 1 ¶¶ 21–22.] Plaintiff also alleged that his termination "was intentional, willful and wanton with knowing and/or reckless disregard for [Plaintiff's] FMLA rights as described in [Defendant's] employee handbook."  [*Id.* ¶ 23.]  On July 7, 2011, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6). [Doc. 10.]  Thereafter, Plaintiff filed an Amended Complaint [Doc. 12] and a response in opposition to Defendant's motion to dismiss [Doc. 13], and

Defendant filed the current motion to dismiss Plaintiff's Amended Complaint[1] on August 8, 2011 [Doc. 15]. Plaintiff filed a response in opposition on August 25, 2011. [Doc. 16.] Accordingly, Defendant's motion to dismiss Plaintiff's Amended Complaint is now ripe for review.

## **BACKGROUND**[2]

Plaintiff was terminated by Defendant when he exceeded twenty attendance points, the maximum number of points available under Defendant's attendance policy. [Doc. 12 ¶ 7.] The written attendance policy provides that Defendant's employees are assessed two points for absences and three points for absences without notice, which is required thirty minutes before the start of a shift. [*Id.* ¶ 9.] When an employee accumulates fifteen points, he is suspended for three Wednesdays in a row, and when an employee accumulates twenty points, he is subject to discharge. [*Id.*] Employees are not assessed attendance points for absences taken pursuant to the FMLA. [*Id.*]

Defendant's written FMLA policy, contained in the employee handbook, states that the company requires medical certification, and an employee has fifteen calendar days to provide medical certification. [*Id.* ¶ 10.] The policy also states that if an employee cannot provide advance notice of the need for leave, notice practicable under the circumstances

---

[1] Because the original Complaint was superseded by the Amended Complaint, the Court recommends finding as moot Defendant's initial motion to dismiss [Doc. 10]. *See Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001) (stating that "an amended pleading ordinarily supersedes the original and renders it of no legal effect" (citation omitted)).

[2] Because for purposes of a motion to dismiss the Court must accept as true Plaintiff's well-pleaded allegations, *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), the following background is a recitation of the facts as alleged by Plaintiff in his Amended Complaint.

is required. [*Id.*] Through the date of his termination in 2008, Plaintiff had FMLA leave time available to him; he used four weeks of his FMLA leave time in January 2008 such that eight weeks remained available. [*Id.* ¶ 8.]

At the time relevant to Plaintiff's claims, Betzy Dutlinger ("Dutlinger") was responsible for administering both the attendance policy and the FMLA policy. [*Id.* ¶ 9.] Plaintiff told Dutlinger he would need time off because of Plaintiff's wife's problem delivery, and Plaintiff called Dutlinger from the hospital when Plaintiff's wife was delivering the baby. [*Id.* ¶ 11.] Plaintiff was then absent on November 5–7.[3] [*Id.*] These absences were counted as FMLA leave, and Plaintiff was not assessed any attendance points. [*Id.*] Plaintiff was not required to formally request FMLA leave, comply with any particular notice policy, or provide medical certification or a doctor's note for these absences.[4] [*Id.*]

Plaintiff was absent again on November 14, 17, and 18, 2008 because the incision from his wife's caesarean was not healing properly. [*Id.* ¶ 12.] Plaintiff informed Dutlinger of the reason for these absences, and Plaintiff brought in a doctor's note on the 19th.[5] [*Id.*] These absences were counted as FMLA leave, and Plaintiff was not assessed any

---

[3] Plaintiff does not allege in what year these absences occurred, but the reasonable inference is that Plaintiff was absent on November 5–7, 2008. *See Mylan Labs.*, 7 F.3d at 1134 (stating that on a motion to dismiss, the court "should view the complaint in a light most favorable to the plaintiff").

[4] Viewing these allegations in the light most favorable to Plaintiff, the Court reads these allegations—which are repeated throughout Plaintiff's Amended Complaint—to mean that Defendant did not request Plaintiff to submit a formal request for FMLA leave and did not request Plaintiff to comply with a particular notice policy or provide medical certification for the absence. *See supra* note 3.

[5] Again, Plaintiff omits information as to the date on which he brought in the doctor's note, but the reasonable inference is that he brought in the note on November 19, 2008. *See supra* note 3. Also, Plaintiff alleges only that he "brought in" the note; presumably, he gave the note to the appropriate employee of Defendant.

attendance points. [*Id.*] Plaintiff was not required to formally request FMLA leave, comply with any particular notice policy, or provide medical certification or a doctor's note for these absences. [*Id.*]

On November 25, 2008, Plaintiff called Dutlinger and informed Dutlinger that he could not come in that day because his wife's home health care nurse could not come care for his wife. [*Id.* ¶ 13.] Plaintiff called Dutlinger as soon as he knew the nurse could not come. [*Id.*] Plaintiff was not required to provide medical certification or a doctor's note or to comply with any particular notice policy for this absence, but he called and gave notice. [*Id.*] He was assessed two attendance points for this absence, even though he had FMLA time available and he was needed at home to care for his wife. [*Id.*] Due to non-FMLA related absences and the attendance points he was assessed for the November 25, 2008 absence, Plaintiff was suspended for the next three consecutive Wednesdays. [*Id.* ¶ 14.]

On December 12, 2008, Plaintiff was absent because his wife's medical equipment was malfunctioning. [*Id.* ¶ 15.] As soon as he knew, he called and told Dutlinger that the home health care nurse had instructed Plaintiff to stay home with his wife. [*Id.*] Plaintiff was not required to comply with any particular notice policy for this absence, but he gave notice. [*Id.*] He was assessed two attendance points for this absence, even though he had FMLA time available and the absence was to care for his wife. [*Id.*]  Plaintiff was not required to provide medical certification or a doctor's note for this absence, but he brought a note from the home health nurse to document the malfunction. [*Id.*] Dutlinger would not accept the note. [*Id.*]

On December 16, 2008, Plaintiff was absent because the home health care nurse could not come and Plaintiff needed to stay home to care for his wife. [*Id.* ¶ 17.] Plaintiff's phone had run out of minutes and he could not leave his wife to use another phone; therefore, he did not call Dutlinger. [*Id.*]  Plaintiff was assessed three points for his absence, which caused him to exceed the twenty points allowed under the attendance policy. [*Id.*]  Plaintiff did not work on Wednesday, December 17 because he was serving his suspension, and he was terminated when he returned to work on December 18, 2008, even though he tried to explain that he gave notice under the FMLA policy but he could not give notice under the attendance policy. [*Id.* ¶ 17–18.]

Plaintiff alleges Defendant's refusal to allow Plaintiff to use FMLA leave and assessment of attendance points for his absences on November 25, December 12, and December 16 directly led to his termination. [*Id.* ¶ 19.]  Plaintiff further alleges that his termination violated the express language of Defendant's FMLA and attendance policies; Plaintiff alleges he should not have been assessed attendance points when he gave an FMLA qualifying reason for his absences and gave notice as soon as practicable under the circumstances. [*Id.* ¶ 20.]  When he was previously granted FMLA leave, Plaintiff alleges he was not required to provide a medical certification, and when he was requested to provide documentation for his absences, Plaintiff alleges he always provided such documentation within fifteen calendar days of the request. [*Id.*] Moreover, Plaintiff alleges that when he was granted FMLA leave within thirty minutes of the start of his shift, he was never required to provide notice of his absences and he always provided notice of his need

for FMLA leave as soon as practicable under the circumstances, in compliance with Defendant's FMLA policy, and within one or two working days, as required by the regulations. [*Id.*]

As stated above, Plaintiff alleges interference and retaliation claims under the FMLA. [*Id.* ¶¶ 24–25.] Additionally, Plaintiff alleges Defendant's "termination of [Plaintiff's] employment in violation of the FMLA was intentional, willful and wanton with knowing and/or reckless disregard for [Plaintiff's] FMLA rights as described in [Defendant's] employee handbook." [*Id.* ¶ 26.] Finally, Plaintiff alleges Dutlinger was aware of the FMLA's requirements and Defendant's attendance and FMLA policies, and Dutlinger knew (1) Plaintiff's absences on November 25, December 12, and December 16 were for reasons that qualified for leave under the FMLA; (2) the circumstances of the absences were unforeseeable; and (3) notice and documentation of these absences were given in the same time and manner as with respect to other absences that were regarded as protected under the FMLA. [*Id.*]

## APPLICABLE LAW

### Motion to Dismiss Standard

A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle her to relief. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134

(4th Cir. 1993). Further, on a motion pursuant to Rule 12(b)(6), if matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . .

550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 556)); *E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (noting that court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments"); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader

wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

## DISCUSSION

Defendant contends Plaintiff's Amended Complaint is subject to dismissal because it is barred by the applicable statute of limitations; Defendant asserts Plaintiff has failed to allege a factually sufficient or plausible claim for a willful FMLA violation. The Court disagrees.

Generally, a plaintiff must bring an FMLA cause of action within two years of "the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1). However, an FMLA cause of action is subject to a three-year statute of limitations if the action is brought for a willful violation of the FMLA. *Id.* § 2617(c)(2). Plaintiff was terminated on December 18, 2008 [Doc. 12 ¶ 17] and filed this action on May 26, 2011 [Doc. 1]; therefore, Plaintiff's claims are barred unless he has adequately alleged that Defendant's violation was willful.[6]

---

[6] The FMLA does not define "willful," but

> the Supreme Court, in an analogous context, has ruled that a violation of the Fair Labor Standards Act ("FLSA") is "willful" where an employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [Act]." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 130, 135, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988). And there is little doubt that this standard is equally applicable in the FMLA context. This is so because actions under the FLSA and the FMLA are governed by virtually identical statutory limitations schemes. That is, actions under the FLSA, like the FMLA, are governed by a general two-year statute of limitations period unless the alleged violation is "willful," in which case the limitations period is extended to three years. 29 U.S.C. § 255(a). And, in *McLaughlin*, the Supreme Court found this FLSA standard of willfulness—a standard that requires that an employer "knew or showed reckless disregard"—to be consistent with the ordinary and plain meaning generally attributed to the term "willful." 486 U.S. at 133.

Because malice, intent, knowledge, and other mental states other than fraud or mistake may be alleged generally, Fed. R. Civ. P. 9(b), "where . . . a plaintiff sufficiently alleges facts supporting the claimed violation of the FMLA, a general averment as to willfulness should be sufficient to trigger the three-year limitations period." *Settle v. S.W. Rodgers, Co., Inc.*, 998 F. Supp. 657, 664 (E.D. Va. 1998), *aff'd*, 182 F.3d 909 (4th Cir. 1999) (unpublished table decision). Applying this principle, in *Honeycutt v. Baltimore County, Maryland*, the court held the plaintiff sufficiently alleged willfulness where the plaintiff's complaint contained the following allegation: "'Although the County *knew* or reasonably should have known that the leave in question was FMLA qualified, and subject to protection of that statute, the County nevertheless used this leave as the basis for adverse personnel action . . . .'" No. JFM-06-0958, 2006 WL 1892275, at *2 (D. Md. July 7, 2006) (emphasis in original) (quoting the plaintiff's complaint). Further, in *Washington v. Purdue Farms, Inc.*, the magistrate judge, in a report and recommendation adopted by the district court without modification, held that the "[p]laintiff's claim for retaliation—termination—for exercising her rights under the FMLA by its nature can only be willful conduct." No. 4:07-3552, 2009 WL 386926, at *9 (D.S.C. Feb. 13, 2009).

---

*Settle v. S.W. Rodgers, Co., Inc.*, 998 F. Supp. 657, 664 (E.D. Va. 1998), *aff'd*, 182 F.3d 909 (4th Cir. 1999) (unpublished table decision). Other courts within the Fourth Circuit have used this definition of willful in the FMLA context. *See, e.g.*, *Honeycutt v. Baltimore Cnty., Md.*, 278 F. App'x 292, 293 (4th Cir. 2008) (per curiam) (unpublished opinion) (affirming district court opinion that utilized the definition of "willful" stated in *Settle*); *Bosse v. Baltimore Cnty.*, 692 F. Supp. 2d 574, 583 (D. Md. 2010) (quoting *IJames v. Autumn Corp.*, No. 1:08CV777, 2009 WL 2171252, at *13 (M.D.N.C. July 20, 2009); *Washington v. Purdue Farms, Inc.*, No. 4:07-3552, 2009 WL 386926, at *7 (D.S.C. Feb. 13, 2009); *Baucom v. Cabarrus Eye Ctr.*, No. 1:06CV00209, 2007 WL 1074663, at *4 (M.D.N.C. Apr. 4, 2007); *see also Keene v. Rinaldi*, 127 F. Supp. 2d 770, 772 (M.D.N.C. 2000) ("Courts have looked to the Fair Labor Standards Act ('FLSA'), 29 U.S.C. § 201, *et seq.*, in interpreting the FMLA because it appears that Congress substantially patterned the FMLA on the FLSA." (citation omitted)).

9

Here, Defendant apparently does not dispute that Plaintiff has sufficiently alleged facts to support an FMLA violation claim. [Doc. 15-1 at 8 n.2.] Moreover, as outlined above, Plaintiff has at least generally alleged willfulness on the part of Defendant and included allegations similar to those in *Honeycutt*, which were sufficient to withstand a motion to dismiss. [*Compare* Doc. 12 ¶ 26 (alleging Defendant knew Plaintiff's absences qualified as FMLA leave but only granted FMLA leave as to some absences and refused to consider the circumstances surrounding Plaintiff's failure to give notice on the day of one absence and unjustly refused to accept documentation of another absence), *with Honeycutt*, 2006 WL 1892275, at *2 (alleging the defendant knew the plaintiff's absences qualified as FMLA leave but nonetheless used the plaintiff's absences as the basis for adverse employment action against the plaintiff).] Finally, Plaintiff has included a claim that Defendant retaliated against Plaintiff for exercising his rights under the FMLA, which, under the reasoning of at least one court in this District, adequately alleges a willful violation because of the nature of the alleged conduct. Therefore, the Court concludes Defendant's motion to dismiss should be denied because Plaintiff has sufficiently pled his claims as willful FMLA violations and, consequently, Plaintiff's claims are subject to the three-year statute of limitations.[7]

---

[7] The Court has also considered Plaintiff's Amended Complaint under the framework given by the Supreme Court in *Twombly* and developed in *Iqbal*. *See Iqbal*, 129 S. Ct. at 1947, 1950–52 (stating that the Court must begin its analysis by noting the elements a plaintiff must plead to state the claim raised by the plaintiff in that case and then analyze whether the plaintiff's complaint was sufficient to state the claim). As stated above, to establish that Defendant's conduct was willful, Plaintiff must demonstrate Defendant "knew or showed reckless disregard" as to whether its conduct violated Plaintiff's rights under the FMLA. *Settle*, 998 F. Supp. at 664. Plaintiff alleged Defendant granted Plaintiff FMLA leave for certain absences but denied Plaintiff FMLA leave for certain other absences that were substantially similar to the absences deemed FMLA-qualified. [Doc. 12 ¶¶ 11–20.] Plaintiff further alleged Defendant accepted notice and documentation of his

**RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that (1) Defendant's motion to dismiss [Doc. 10] be FOUND AS MOOT and (2) Defendant's motion to dismiss [Doc. 15] be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>
United States Magistrate Judge

December 7, 2011
Greenville, South Carolina

---

absences in some instances but refused to accept Plaintiff's notice and documentation in other instances in violation of Defendant's policy and the FMLA regulations. [*Id.*] As the Court cannot consider at this stage of the proceedings any defense Defendant may assert, *see Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152–54 (1908) (discussing the "well-pleaded complaint rule" and stating, "'The rule is a reasonable and just one that the complainant in the first instance shall be confined to a statement of its cause of action, leaving to the defendant to set up in his answer what his defense is'" (quoting *Boston & Mont. Consol. Copper & Silver Mining Co. v. Mont. Ore Purchasing Co.*, 188 U.S. 632 (1903))), the Court concludes these allegations are sufficient to "nudge[] [Plaintiff's] claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570, because the allegations plausibly suggest Defendant denied Plaintiff FMLA leave in violation of the FMLA.